· Moses A. Jamison *v.* Isaac Bridge et al.

A slave cannot be a party in any civil action, either as plaintiff or defendant, except when he has to claim or prove his freedom.  C. C. 177.

As emancipation is now prohibited in this State, a slave cannot prosecute a suit for his freedom.  Session Acts 1857, p. 55.

APPEAL from the Second District Court of New Orleans, *Morgan, J.*
*Ogden & Leovy,* for plaintiff and appellant.  *T. H. Howard,* for defendants.

Cole, J.  Petitioner avers that in 1836, he was sold to *Jeremiah Berry,* but for a cause unknown to petitioner the title was not taken in the name of *Berry,* but in that of his daughter, now deceased, who was then the wife of *Isaac Bridge ;* that after the purchase he remained in possession of *Jeremiah Berry* as his property, and the said *Berry* acquired a title by prescription ; that in 1855 *Berry* died, leaving an olographic will, which has been probated ; that *Berry,* in the will, donated to petitioner his freedom ; that *Isaac Bridge,* the husband of *Mary Berry,* in whose name petitioner was purchased, for himself and as tutor of his minor children, now claims and asserts a title to petitioner.

The petition concludes with a prayer that defendants be prohibited from asserting any claim to petitioner, and that so far as the defendants are concerned, petitioner be declared to be free.

The judgment was for the defendants, without prejudice to the rights of the succession of *Jeremiah Berry.*

A slave cannot be a party in any civil action, either as plaintiff or defendant, except when he has to claim or prove his freedom.  C. C., Art. 177.

As emancipation is now prohibited, plaintiff cannot prosecute this suit for his freedom.  Session Acts 1857, p. 55.

It is objected by plaintiff, that this suit is not only one for freedom, but also for the determination of the question, whether the *Succession of Jeremiah Berry,* or that of his daughter, be entitled to petitioner as a slave.

The sole interest of plaintiff in this question is, that he may successfully enforce his suit for freedom, and as this is impossible under the law as it now exists, it would be useless to enter into such an investigation.

The judgment ought to have been one of nonsuit, for the plaintiff may hereafter have a right of action for his freedom, if he be entitled to it, in the event of a change of the law relative to emancipation.

It is, therefore, ordered, adjudged and decreed, that the judgment be so amended, that there be judgment against the plaintiff as in case of nonsuit, instead of a final judgment for the defendants ; and that the judgment so amended, be affirmed ; and that appellees pay the costs of appeal.